UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHALONDA S. NEAL,
on behalf of W.H.,

    Plaintiff,                                             Civil Action No. 18-CV-10282

vs.                                                         HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

**OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is presently before the Court on cross motions for summary judgment [docket entries 15 and 17]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall deny plaintiff's motion and grant defendant's motion.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's final decision denying the application she filed on behalf of her minor son, "W.H.," for Supplemental Security Income ("SSI") benefits. An Administrative Law Judge ("ALJ") held a hearing in November 2016 (Tr. 38-54) and issued a decision denying benefits in February 2017 (Tr. 14-33). This became defendant's final decision in January 2018 when the Appeals Council denied plaintiff's request for review (Tr. 1-4).

Under § 405(g), the issue before the Court is whether the ALJ's decision is supported by substantial evidence, which is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305

U.S. 197, 229 (1938). In making this determination, the Court does not review the record de novo, and it may not weigh the evidence or make credibility findings. If supported by substantial evidence, defendant's decision must be upheld even if substantial evidence may support a contrary decision and even if the Court may have decided the case differently in the first instance. *See Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 396 (6th Cir. 2014).

At the time of the hearing, W.H. was fifteen years old and a tenth-grade high school student (Tr. 42, 49, 57). Plaintiff claims that W.H. has been disabled since September 2014 due to Attention Deficit Hyperactivity Disorder ("ADHD"), asthma, and a learning disability (Tr. 207). The ALJ found that these impairments, along with W.H.'s "history of 'mild' major depressive disorder," are severe impairments, but that he is not disabled under the Social Security Act because these impairments are not severe enough to meet or equal a listed impairment, as required by 20 C.F.R. § 416.924(d) (stating that for children seeking SSI benefits, "[y]our impairment(s) must meet, medically equal, or functionally equal the listings.").

Having carefully reviewed the administrative record, the parties' briefs, and the applicable law, the Court concludes that the ALJ's decision in this matter is supported by substantial evidence. While W.H. clearly has the impairments plaintiff alleges, the ALJ reasonably concluded that they are not sufficiently severe to meet or equal – either medically or functionally – any of the listings.

Plaintiff first argues that the ALJ erred in stating that W.H. "does not have medical documentation" of his major depressive disorder. Pl.'s Br. at 6, quoting page 5 of the ALJ's decision (Tr. 21). Plaintiff correctly notes that the medical evidence establishes that W.H. suffers from this impairment. Nonetheless, the Court rejects plaintiff's criticism because the ALJ did, in

2

fact, find that "'mild' major depressive disorder" is among W.H.'s severe impairments (Tr. 20, finding 3). While the ALJ acknowledged that W.H. suffers from this impairment, he found that the applicable listing (112.04) is not met because neither the "B" nor the "C" criteria is satisfied.[1]

---

[1] Depressive disorder is covered by Listing 112.04. To meet this listing, the claimant must satisfy the criteria in subparagraphs A and B, or A and C:

> A. Medical documentation of the requirements of paragraph 1, 2, or 3:
>
> 1. Depressive disorder, characterized by five or more of the following:
> a. Depressed or irritable mood;
> b. Diminished interest in almost all activities;
> c. Appetite disturbance with change in weight (or a failure to achieve an expected weight gain);
> d. Sleep disturbance;
> e. Observable psychomotor agitation or retardation;
> f. Decreased energy;
> g. Feelings of guilt or worthlessness;
> h. Difficulty concentrating or thinking; or
> i. Thoughts of death or suicide.
>
> * * *
>
> AND
>
> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 112.00F):
>
> 1. Understand, remember, or apply information (see 112.00E1).
> 2. Interact with others (see 112.00E2).
> 3. Concentrate, persist, or maintain pace (see 112.00E3).
> 4. Adapt or manage oneself (see 112.00E4).
>
> OR
>
> C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:

Specifically, the ALJ found that W.H. does not meet the "B" criteria because his limitations are mild in each of the four areas identified in subsections (B)(1)-(4), and that W.H. does not meet the "C" criteria because there is no evidence that he has "minimal capacity to adapt to changes in [his] environment or to demands that are not already part of [his] daily life," as required by subsection (C)(2) (Tr. 22). Plaintiff has not shown any error in the ALJ's conclusion that W.H. is not per se disabled under Listing 112.04 because he does not meet the "B" and "C" criteria.

Plaintiff next argues that the ALJ erred in finding that W.H. does not meet Listing 112.02 which, she says, requires "medical documentation of hyperactive and impulsive behavior." Pl.'s Br. at 10. Listing 112.02 covers "neurocognitive disorders," not hyperactivity or impulsive behavior. Presumably plaintiff meant to argue the potential applicability of Listing 112.11, which covers "neurodevelopmental disorders." This listing requires a claimant to meet both of the following subsections:

> A. Medical documentation of the requirements of paragraph 1, 2, or 3:
>
> 1. One or both of the following:
> a. Frequent distractibility, difficulty sustaining attention, and difficulty organizing tasks; or
> b. Hyperactive and impulsive behavior (for example, difficulty remaining seated, talking excessively, difficulty waiting, appearing restless, or behaving as if being "driven by a motor").
>
> 2. Significant difficulties learning and using academic skills; or

---

1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 112.00G2b); and
2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 112.00G2c).

4

> 3. Recurrent motor movement or vocalization.
>
> AND
>
> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 112.00F):
>
> 1. Understand, remember, or apply information (see 112.00E1).
> 2. Interact with others (see 112.00E2).
> 3. Concentrate, persist, or maintain pace (see 112.00E3).
> 4. Adapt or manage oneself (see 112.00E4).

The ALJ found that ADHD is among W.H.'s severe impairments (Tr. 20, finding 3). But the mere fact that W.H. has this impairment does not mean it is severe enough to meet Listing 112.11. As noted above, the ALJ found that this listing is not met because W.H.'s limitations in the four areas identified in subsection (B)(1)-(4) are mild (Tr. 22).

Finally, plaintiff argues that the ALJ erred in finding that W.H.'s impairments are not functionally equivalent to the listings. Under 20 C.F.R. § 416.926a(b)(1), the extent of a child's functional limitations is determined by assessing his functioning in the following six "domains": (i) acquiring and using information, (ii) attending and completing tasks, (iii) interacting and relating with others, (iv) moving about and manipulating objects, (v) caring for yourself, and (vi) health and physical well-being. To be deemed disabled, the child must have a "marked" limitation in at least two of these domains or an "extreme" limitation in one domain. *See* 20 C.F.R. § 416.926a(a). The regulations define the terms "marked" and "extreme" limitation as follows:

> (2) Marked limitation.
>
> (i) We will find that you have a "marked" limitation in a domain when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities.

5

> "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme." It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean.
>
> * * *
>
> (3) Extreme limitation.
>
> (i) We will find that you have an "extreme" limitation in a domain when your impairment(s) interferes very seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be very seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. "Extreme" limitation also means a limitation that is "more than marked." "Extreme" limitation is the rating we give to the worst limitations. However, "extreme limitation" does not necessarily mean a total lack or loss of ability to function. It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean.

20 C.F.R. § 416.926a(e).

In the present case, the ALJ found that W.H. has "less than marked limitation" in the first, second, third, and sixth domains, and no limitation in the fourth and fifth domains (Tr. 27-33). In her summary judgment motion, plaintiff takes issue only with the ALJ's findings regarding the first (acquiring and using information) and second (attending and completing tasks) domains.

The following regulation explains what is meant by a child's ability to acquire and use information and to attend and complete tasks:

> **(g) Acquiring and using information**. In this domain, we consider how well you acquire or learn information, and how well you use the information you have learned.
>
> * * *
>
> (2) Age group descriptors—

6

* * *

(v) Adolescents (age 12 to attainment of age 18). In middle and high school, you should continue to demonstrate what you have learned in academic assignments (e.g., composition, classroom discussion, and laboratory experiments). You should also be able to use what you have learned in daily living situations without assistance (e.g., going to the store, using the library, and using public transportation). You should be able to comprehend and express both simple and complex ideas, using increasingly complex language (vocabulary and grammar) in learning and daily living situations (e.g., to obtain and convey information and ideas). You should also learn to apply these skills in practical ways that will help you enter the workplace after you finish school (e.g., carrying out instructions, preparing a job application, or being interviewed by a potential employer).

* * *

(3) Examples of limited functioning in acquiring and using information. The following examples describe some limitations we may consider in this domain. Your limitations may be different from the ones listed here. Also, the examples do not necessarily describe a "marked" or "extreme" limitation. Whether an example applies in your case may depend on your age and developmental stage; e.g., an example below may describe a limitation in an older child, but not a limitation in a younger one. As in any case, your limitations must result from your medically determinable impairment(s). However, we will consider all of the relevant information in your case record when we decide whether your medically determinable impairment(s) results in a "marked" or "extreme" limitation in this domain.

(i) You do not demonstrate understanding of words about space, size, or time; e.g., in/under, big/little, morning/night.

(ii) You cannot rhyme words or the sounds in words.

(iii) You have difficulty recalling important things you learned in school yesterday.

(iv) You have difficulty solving mathematics questions or computing arithmetic answers.

(v) You talk only in short, simple sentences and have difficulty explaining what you mean.

7

**(h) Attending and completing tasks**. In this domain, we consider how well you are able to focus and maintain your attention, and how well you begin, carry through, and finish your activities, including the pace at which you perform activities and the ease with which you change them.

(1) General.

(i) Attention involves regulating your levels of alertness and initiating and maintaining concentration. It involves the ability to filter out distractions and to remain focused on an activity or task at a consistent level of performance. This means focusing long enough to initiate and complete an activity or task, and changing focus once it is completed. It also means that if you lose or change your focus in the middle of a task, you are able to return to the task without other people having to remind you frequently to finish it.

(ii) Adequate attention is needed to maintain physical and mental effort and concentration on an activity or task. Adequate attention permits you to think and reflect before starting or deciding to stop an activity. In other words, you are able to look ahead and predict the possible outcomes of your actions before you act. Focusing your attention allows you to attempt tasks at an appropriate pace. It also helps you determine the time needed to finish a task within an appropriate timeframe.

(2) Age group descriptors—

* * *

(v) Adolescents (age 12 to attainment of age 18). In your later years of school, you should be able to pay attention to increasingly longer presentations and discussions, maintain your concentration while reading textbooks, and independently plan and complete long-range academic projects. You should also be able to organize your materials and to plan your time in order to complete school tasks and assignments. In anticipation of entering the workplace, you should be able to maintain your attention on a task for extended periods of time, and not be unduly distracted by your peers or unduly distracting to them in a school or work setting.

(3) Examples of limited functioning in attending and completing tasks. The following examples describe some limitations we may consider in this domain. Your limitations may be different from the

ones listed here. Also, the examples do not necessarily describe a "marked" or "extreme" limitation. Whether an example applies in your case may depend on your age and developmental stage; e.g., an example below may describe a limitation in an older child, but not a limitation in a younger one. As in any case, your limitations must result from your medically determinable impairment(s). However, we will consider all of the relevant information in your case record when we decide whether your medically determinable impairment(s) results in a "marked" or "extreme" limitation in this domain.

(i) You are easily startled, distracted, or overreactive to sounds, sights, movements, or touch.

(ii) You are slow to focus on, or fail to complete activities of interest to you, e.g., games or art projects.

(iii) You repeatedly become sidetracked from your activities or you frequently interrupt others.

(iv) You are easily frustrated and give up on tasks, including ones you are capable of completing.

(v) You require extra supervision to keep you engaged in an activity.

20 C.F.R. § 416.926a.

After summarizing the evidence, the ALJ gave the following explanation for finding that W.H.'s limitation in the first domain is "less than marked":

> <u>The claimant has less than marked limitation in acquiring and using information</u>. The claimant meets the criteria of a specific learning disability in basic reading. He receives special education services in a resource room for five hours per week; he is afforded various accommodations. He does not always comp[l]ete his homework; however, he is on track to graduate in 2019 (Hearing & Exhibits 8F & 9F). He has strengths in concentration and immediate memory and the ability to pay attention; but has some problems with short-term memory. He is insightful and extremely self-aware. He is able to articulate clearly and his speech was consistently normal; his receptive and expressive language were intact. He was consistently well developed, well nourished, alert, cooperative, alert and oriented to person, place, time, and situation. His thought flow was organized, thought process logical and goal directed, judgment good, and

9

> thought content, grooming/hygiene, appearance, psychomotor activity, and stream of mental activity were consistently normal. His mood, affect, behavior, thought content were consistently normal with no confusion. He reported his mood is usually happy. He has no problems getting along with others and no problems with stress or changes in routine. He does not openly disregard rules and he has "mild" problems related to social environment. He was consistently negative for hallucination, delusions, and suicidal and homicidal ideation (Exhibits 4F, 7F, 10F, & 11F).
>
> Additionally, he is able to care for his personal needs independently. He is also able to play video games, play basketball, participate in gym class, participate in a vocational program in the culinary arts, watch television, feed the dog, clean his room, take out the trash, prepare simple meals, and mow the lawn and/or shovel the snow. Similarly, he has friends and he is able to play with family members, use social media, get along with his sister most of the time, and get along with his mother and teachers. He does "not" miss school regularly and he has no behavior problems (Hearing & Exhibits 4F, pgs 1, 14, & 15, 6E, 7F, pg 2, & 11F, pg 2).

(Tr. 28). The ALJ then repeated these two paragraphs, word for word, in explaining his finding that W.H. has less than marked limitation in the second domain, attending and completing tasks (Tr. 29).

Plaintiff points to nothing in the record that would compel a finding that W.H.'s impairments cause him to be markedly impaired in the first and second domains. The child psychiatrist who reviewed the records for the state agency, Dr. Zahra Khademian, concluded that W.H. has "[f]air-decreased memory, adequate concentration & logical/goal directed thought process" (Tr. 88). Plaintiff reported that W.H. plays video games and watches television for several hours per day (Tr. 217), which would indicate that he has significant attention and concentration abilities. The psychologist who examined W.H. for the state agency, Dr. Nick Boneff, concluded in October 2015 that he

> demonstrated strengths in concentration as evidenced by performance on calculation tasks. He displayed moderate strengths in immediate memory and the ability to pay attention, but had some problems with

10

> short term memory. He would appear capable of engaging in school
> type activities of a moderate degree of complexity and should be able
> to remember and execute a several step procedure on a sustained
> basis with good capacity for judgment and decision making.

(Tr. 359). A psychiatric examination of W.H. in July 2016 found him to have appropriate appearance, normal speech, appropriate affect and behavior, normal thought content, organized thought flow, fair memory and concentration, and age-appropriate insight, judgment, and impulse control (Tr. 459-60). The psychiatrist noted specifically that W.H. is "able to attend well" (Tr. 460).

On this record, substantial evidence supports the ALJ's findings that W.H.'s impairments do not meet, and are not medically or functionally equivalent to, any of the listed impairments. Accordingly,

IT IS ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

Dated: August 23, 2018  s/Bernard A. Friedman
Detroit, Michigan  BERNARD A. FRIEDMAN
 SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 23, 2018.

 s/Johnetta M. Curry-Williams
 Case Manager